

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable George W. Cox
State Health Officer
Texas State Board of Health
Austin 2, Texas

Dear Sir:

Opinion No. 0-7204
Re: What jurisdiction and authority
may the State Health Officer
have in the inspection of Kitch-
ens or food preparation and
food service to patients in
public or private hospitals.

     This will acknowledge receipt of your letter of
April 3, 1946, which reads as follows:

     "I enclose the Texas Food and Drug Law, the
State law on the sterilization of Dishes and the
Texas Health Certificate law which gives the
reference to these laws in the Statute.

     "I would like to know what jurisdiction and
authority I may have in the inspection of kitchens
or food preparation and food service to patients
in public or private hospitals."

     The powers and duties of the Director of the Food
and Drug Division of the State Board of Health were vested in
the State Health Officer by Article 4465A, V.A.C.S.

     Article 4466, Vernon's Civil Statutes, sets out the
duties of the director and among other things Section 3 pro-
vides as follows:

     "Inquire into the quality of the foods and
drug products manufactured or sold or exposed
for sale, or offered for sale in this State,
and for such purposes he may enter any creamery,
factory, store, salesroom, drug store or labor-
atory or place where he has reason to believe

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable George W. Cox - Page 2

foods or drugs are made, prepared, sold or offered
for sale or exchange, and open any cask, tub, jar,
bottle or package containing or supposed to contain
any article of food or drug and examine or cause
to be examined the contents thereof, and he shall
take samples therefrom and make analysis thereof.
When making such inspection he shall seal and mark
such sample and tender to the vendor or person
having custody of same the value thereof, and a
written statement stating the reason for taking
such sample."

The inspecting officer is further protected by Article
716, Vernon's Annotated Penal Code, in the following language:

"No person shall willfully hinder or obstruct
the director of the food and drug division of the
State Board of Health, or his inspector or other
person duly authorized by him in the exercise of
the powers conferred upon him by the laws of this
State."

The standards of qualification of sanitary employees
and the sterilization of dishes for public eating and sleeping
places are set forth in Section 1 of Article 705c, and Section
2 of Article 700b of Vernon's Annotated Penal Code, which read
respectively as follows:

"No person, firm, corporation, common carrier
or association operating, managing, or conducting
any hotel or any other public sleeping or eating
place, or any place or vehicle where food or drink
or containers therefor, of any kind, is manufactur-
ed, transferred, prepared, stored, packed, served,
sold, or otherwise handled in this State, or any
manufacturer or vendor of candies or manufactured
sweets, shall work, employ, or keep in their employ,
in, on, or about any said place or vehicle, or have
delivered any article therefrom, any person infected
with any transmissible condition or any infectious
or contagious diseases, or work, or employ any
person to work in, on, or about said place, or to
deliver any article therefrom, who, at the time
of his or her employment, failed to deliver to the
employer or his agent, a certificate signed by a
legally licensed physician, residing in the county

Honorable George W. Cox, Page 3

where said person is to be employed, or is employed,
attesting the fact that the bearer had been actually
and thoroughly examined by such physician within
a week prior to the time of such employment, and
that such examination disclosed the fact that such
person to be employed was free from any trans-
missible condition of any infectious or contagious
disease; or fail to institute and have made, at
intervals of time not exceeding six months, actual
and thorough examinations, essential to the find-
ings of freedom from communicable and infectious
diseases, of all such employees, by a legally
licensed physician residing in the county where
said person is employed, and secure in evidence
thereof a certificate signed by such physician
stating that such examinations had been made of
such person, disclosing the fact that he or she
was free from any transmissible condition of any
communicable and infectious diseases."

"Sec. 2. Sterilization of Dishes, Recepta-
cles, or Utensils. - No person, firm, corporation,
or association operating, managing, or conduct-
ing any hotel, cafe restaurant, dining car, drug
store, soda water fountain, meat market, bakery,
or confectionery, liquor dispensary or any other
establishment where food or drink of any kind is
served or permitted to be served to the public,
shall furnish to any person any dish, receptacle
or utensil used in eating, drinking, or convey-
ing food if such dish, receptacle, or utensil
has not been washed after each service until clean
to the sight and touch in warm water containing
soap or alkali cleanser. After cleaning, all
glasses, dishes, silverware, and other receptacles
and utensils shall be placed in wire cages and
immersed in a still bath of clear water heated
to a minimum temperature of 170° F. for at least
three minutes, or two minutes at 180° F. Upon
removal from the hot water, all glasses, dishes,
silverware, and other receptacles and utensils
shall be stored in such a manner as not to become
contaminated. Provided that the State Board of
Health may approve other equally effective methods

Honorable George W. Cox, Page 4

of treatment by steam or hot water that meet with
the minimum requirements for the safety of the
public health, as prescribed by the State Board of
Health, that are not inconsistent with this Act.
When paper receptacles, ice cream cones, or other
single service utensils are used for serving food
or drinks, they must be kept in a sanitary manner,
protected from dust, flies, and other contamina-
tions."

The above statutes set out the authority and duties
of the State Health Officer in public eating and sleeping
places. In passing, your attention is directed to Art. 4477-1,
V.A.C.S., which sets out the minimum standards of sanitation
and health protection. The question now is whether a hospital
is such an institution as to come within that classification.

13 Ruling Case Law, page 938, defines a hospital in
the following language:

"In its widest sense a hospital is a place
appropriated to the reception of persons sick
or infirm in body or mind . . . ."

"The term 'hospital' is often used synchro-
nously if not synonymously with 'asylum' which
is defined to be an institution for receiving,
maintaining and, as far as possible, ameliorat-
ing the condition of persons suffering from
bodily defects, mental maladies, or other mis-
fortunes, as an orphan asylum, asylum for the
blind, or asylum for the insane, and etc."
(Underscoring ours)

People v. Hutchings, 114 N. E. 444: "Decent
and respectful treatment implied in the contract
between a private hospital and a patient."

Smith v. Duke University, 14 S.E. (2d) 643:
"Ordinarily, a hospital undertakes only to furnish
room, food, facilities for operation, and attend-
ance, and is not liable for injuries resulting
from the negligence of a physician . . . ."

The services rendered by a hospital are set out in
Southern Surety v. Beaird, 235 S. W. 240, by the El Paso Court
of Civil Appeals, in which writ of error was dismissed by the
Supreme Court, in the following language:

Honorable George W. Cox, Page 5

"The articles on hospitals we have examined do not specify the services ordinarily rendered by hospitals. We can however imagine the inconvenience and utter lack of what would be expected of a hospital service that did not furnish some care, meals, heat when needed, and artificial light to a totally disabled employee."

The above case was followed in the case of Common Casualty Insurance Co. v. Hilton, 55 S. W. (2d) 127:

"The care, meals, medical attention, etc., furnished to a disabled employee commenserate with his needs are included in hospital services . . ."

It is, therefore, our opinion that under the above quoted statutes, the State Health Officer has the power to inspect kitchens and food preparation and food service to patients in public or private hospitals.

Very truly yours

ATTORNEY GENERAL OF TEXAS

W. P. Watts
Assistant

APPROVED

FIRST ASSISTANT
ATTORNEY GENERAL

WPW:ddt